CORBY *v.* MORAN.

DEEDS—INCOMPETENCY OF GRANTOR—EVIDENCE.

It is significant, upon the question whether or not a grantor at the time he executed certain deeds was imbecile and unable to understand the effect of the transactions involved, that his relatives, who attacked his deeds after his death, permitted him to deal with the property unrestrained, taking no steps towards the appointment of a guardian, and that dealings similar to those in question were had by him with reputable members of the legal profession.

Appeal from Wayne; Lillibridge, J.   Submitted November 16, 1898.   Decided January 20, 1899.

Bill by Abby Corby and others against Frances A.

Moran and others to set aside certain deeds. From a decree dismissing the bill, complainants appeal. Affirmed.

*John Atkinson* ( *O'Brien J. Atkinson* and *William F. Atkinson*, of counsel), for complainants.

*Edwin F. Conely, Orla B. Taylor, Stewart & Wenzell*, and *James C. Smith, Jr.*, for defendants.

MONTGOMERY, J. The complainants are the heirs at law of Thomas Bolam, who died in 1891, aged 67 years. This bill is filed to set aside four deeds made by him in his lifetime,—one to William B. and Charles G. Moran, April 3, 1873; and the other three to William B. Moran, dated, respectively, September 3, 1877, April 29, 1878, and October 8, 1878.

The claim of complainants is that Thomas Bolam was, at the several dates when these deeds were executed, mentally incompetent, and that the consideration paid was in each case inadequate. It is not claimed that Mr. Bolam was an imbecile, but it is contended that he was simple-minded, and unable to understand the effect of the transactions involved, and that this want of capacity was known to the grantees. A large number of witnesses appeared on either side who had known Mr. Bolam for many years, and the usual conflict appears. The case is not free from doubt. The fact that the relatives of Mr. Bolam, knowing of his ownership of this property, permitted him to deal with it unrestrained for a long term of years, and took no steps to have a guardian appointed to care for his estate, is significant. *Burt* v. *Mason*, 97 Mich. 127; *Richardson* v. *Medbury*, 107 Mich. 176. It is also significant that Mr. Bolam dealt with others, and, among other transactions, gave mortgages to John Ward and Sidney D. Miller, two reputable members of the bar. We find that the value of the property conveyed did not exceed the price paid but slightly, if at all. There was no overreaching, by way of driving a hard or unconscionable bargain. The transactions must be set aside, if at all, on the ground of mental

119 MICH.—18.

incompetency. We are satisfied that the circuit judge was right in holding that the complainants had failed to show by a preponderance of the evidence that Mr. Bolam was incompetent.

The decree dismissing the bill will be affirmed.

The other Justices concurred.